UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASIM MUNIR SAUT, SAMAD BEGAM SAMUT, ISHAAR MUNIR SAMUT, NIZHAAR MUNIR SAMUT, SHIRAZ MUNIR SAMUT,<br><br>    Petitioners,<br><br>    v.<br><br>MICHAEL CHERTOFF, NANCY ALCANTAR, MICHAEL B. MUKASEY,<br><br>    Respondents. | CIV-F-08-0599 AWI GSA<br><br>ORDER RE: TEMPORARY RESTRAINING ORDER |

    Petitioners are a family who are citizens of Fiji. They arrived in the United States in 1991 and applied for asylum. Their applications were denied. A final administrative order of deportation was issued July 17, 1998. Petitioners appealed to the Ninth Circuit which denied their petition for review. <u>Samut v. INS</u>, 2000 U.S. App. LEXIS 177 (9th Cir. Jan. 5, 2000). Petitioners then filed a motion to reopen the case due to changed conditions in Fiji with the Board of Immigration Appeal, which was denied on April 17, 2001. The United States issued surrender orders dated December 29, 2001.

    Petitioners were arrested on April 18, 2008. They then filed a new motion to reopen their case before the Board of Immigration Appeals based on changed conditions in Fiji. Petitioners

1

filed this habeas corpus petition pursuant to 28 U.S.C. §2241 on May 1, 2008. Doc. 1. Simultaneously, they filed a motion for temporary restraining order, seeking an injunction against deportation on the basis of ineffective assistance of counsel in post-deportation order proceedings. Doc. 9.  Petitioners name Michael Chertoff (Secretary of the Department of Homeland Security), Nancy Alcantar (Field Office Director in San Francisco of the Office of Detention and Removal), and Michael Mukasey (U.S. Attorney General) as respondents. Petitioners claim, without specifying detail, that "Petitioners were ordered deported by the Board of Immigration Appeals on July 17, 1998. Their deportation is imminent." Doc.1, Complaint, at 2. "The injury in this case is the deprivation of administrative and judicial review over a claim of asylum, withholding of deportation and withholding under the Convention Against Torture based on a change in country conditions in Fiji." Doc. 9, TRO, at 9.

Petitioners claim that suit is properly brought in the Eastern District since it is the one "in which the Plaintiffs resided prior to their arrest, detention and transfer to Florence, Arizona. 28 U.S.C. §1391." Doc. 1, Complaint, at 4.  However, Section 1391 does not apply to habeas petitions. Schlanger v. Seamans, 401 U.S. 487, 491 n.4 (1971) ("Although by 28 U.S.C. §1391(e) Congress has provided for nationwide service of process in a 'civil action in which each defendant is an officer or employee of the United States,' the legislative history of that section is barren of any indication that Congress extended habeas corpus jurisdiction"); Al-Marri v. Rumsfeld, 360 F.3d 707, 709 (7th Cir. Ill. 2004).  Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241.  The Ninth Circuit has stated that "A petition under §2241 must be addressed to the district court which has jurisdiction over [petitioner] *or* his custodian." Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980), emphasis added; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973).  This jurisdictional requirement is not a limitation on subject matter and can therefore be waived by the respondent. Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004) (Kennedy concurrence) ("These rules, however, are not jurisdictional in the sense of a limitation on subject-matter jurisdiction.....the question of the proper location for a habeas petition is best understood as a question of personal-jurisdiction or venue"); Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004) ("Although

we have not previously considered whether the lack of personal jurisdiction over a habeas petition may be waived by the state or an appropriate state official, we see no reason not to apply the general rule in the habeas context").

Petitioners state, "Kasim, Ishaar and Nizhaar Munir Samut are presently detained at Florence Correctional Center in Florence, Arizona. The whereabouts of the female Petitioner, Samad Begam Samut, is unknown at this time. Petitioners are under the direct control of the Respondents and their agents. Shiraz Munir Samut is not in physical custody but like the remaining family members, is subject to final order of deportation." Doc. 1, Complaint, at 2. Petitioners can not show they are being held in custody within the Eastern District of California. Petitioners state that Michael Chertoff "is the legal custodian over the Petitioner[s]." Doc. 1, Complaint, at 5.  "In Ahrens[], we left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. The lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent. Compare Robledo-Gonzales v. Ashcroft, 342 F.3d 667 (CA7 2003) (Attorney General is not proper respondent); Roman v. Ashcroft, 340 F.3d 314 (CA6 2003) (same); Vasquez v. Reno, 233 F.3d 688 (CA1 2000) (same); Yi v. Maugans, 24 F.3d 500 (CA3 1994) (same), with Armentero v. INS, 340 F.3d 1058 (CA9 2003) (Attorney General is proper respondent). The Second Circuit discussed the question at some length, but ultimately reserved judgment in Henderson v. INS, 157 F.3d 106 (1998). Because the issue is not before us today, we again decline to resolve it." Rumsfeld v. Padilla, 542 U.S. 426, 436 n.8 (2004) (Rehnquist's majority opinion).  The Ninth Circuit's opinion in Armentero v. INS was subsequently withdrawn at 382 F.3d 1153 (September 1, 2004) with directions that it not be cited as precedent.  Thus, it appears that no circuit court has found the head of the U.S. Department in charge of immigration (be it the Department of Homeland Security or the Department of Justice) to be a "custodian" for purposes of habeas relief in a Section 2241 case brought by an alien detained pending deportation.  With respect to Samad Begam Samut, the court can not assume jurisdiction over someone who is being detained, but whose whereabouts are unknown. See Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir. 1987)

("counsel for Subias conceded at oral argument that he has no idea exactly where Subias is presently located. Since Subias' custodian and whereabouts are unknown, jurisdiction is lacking"). Similarly, nothing is plead concerning the status of Shiraz Munir Samut which would indicate the proper custodian has been named.

Given the facts plead by Petitioners, the court lacks personal jurisdiction over Respondents absent consent on their part. Without consent or a showing that the proper custodians have been named, the court will consider transfer under 28 U.S.C. §1631 in the future. Petitioners are advised to consider refiling in the district(s) where personal jurisdiction can be clearly established over the appropriate respondent(s). Petitioners are also advised that in general, "only one individual may file a petition for writ of habeas corpus....each [person] must file an individual petition." Watkins v. Hedgpeth, 2007 U.S. Dist. LEXIS 56046, *2 (E.D. Cal. July 21, 2007).

With reference to the motion, the request for a temporary restraining order must be considered to have been filed without notice to Respondents. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b). Petitioners claim they "are also serving notice to the Respondents of this motion, memorandum, and the accompanying habeas petition." Doc. 9, TRO, at 2. However, there is no proof of service of that fact. According to the records contained in the docket, there has been no contact with the Respondents in this case. The court can not construe that statement (lacking any detail or evidentiary support) as constituting notice, especially to respondents over whom the court may not have jurisdiction as defined by 28 U.S.C. §2241. Further, there has been no affidavit or verified complaint providing adequate detail of the circumstances leading Petitioners to believe deportation is imminent. The purpose in issuing a temporary restraining order is to preserve the status quo for a short time pending a fuller preliminary injunction. Petitioners must comply with the rules and

specifically articulate why a temporary restraining order is necessary.

### IV. Order

Petitioners' motion for an ex parte temporary restraining order is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 2, 2008                              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE