# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASIM MUNIR SAMUT, | 1:08-cv-00599 AWI DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| MICHAEL CHERTOFF, et.al., | |
| Respondents. | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

In the instant petition, Petitioner seeks to have this Court stay his deportation pending a motion to reopen to consider that there has been a subsequent change of circumstances in his native country of Fiji.  For the reasons explained below, this Court lacks subject matter jurisdiction to review the petition.

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005."  Division B of the Act is titled "REAL ID Act of 2005."   Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders.  Pursuant to section

106 of the REAL ID Act, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion. Id. at § 106(a). The amends to section 1252 applies to any case in which a final administrative order of removal, deportation, or exclusion has been entered "before, on, or after" the date of the enactment. REAL ID Act, Section 106(b).

The amendments set forth by section 106(a)(2) of the REAL ID Act eliminated this Court's jurisdiction to review final orders of removal. Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). Indeed, 8 U.S.C. Section 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Any challenge to the BIA's decision regarding Petitioner's pending motion to reopen must be filed in the applicable court of appeals. See Iasu v. Smith, 511 F.3d 881, 887 (9th Cir. 1007). Transfer is inappropriate if the petition was filed subsequent to the date of enactment of the REAL ID Act on May 11, 2005. Id. at 888-889 (habeas corpus petition filed under 28 U.S.C. § 2241 after enactment of REAL ID Act must be dismissed, not transferred); see also Puri v. Gonzales, 464 F.3d 1038, 1042-1043 (9th Cir. 2006). Accordingly, because a petition for review filed in the court of appeals is the exclusive remedy for review of a final order of removal, this Court lacks jurisdiction over the petition. 8 U.S.C. § 1252(a)(5); Iasu v. Smith, 511 F.3d at 887.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus is DISMISSED, for lack of jurisdiction; and,

2. The instant action be dismissed in its entirety.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
6  and filed within ten (10) court days (plus three days if served by mail) after service of the
7  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
9  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
10 Cir. 1991).

11       IT IS SO ORDERED.

12       Dated:   **October 17, 2008**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE